UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD LEE BLAKE, JR., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br> Defendant. | Case No. 17-cv-1144 (CRC) |

## MEMORANDUM OPINION

Plaintiff Ronald Lee Blake, Jr. brings this action under the Full Faith and Credit Clause of the United States Constitution against the Federal Bureau of Investigation for declining to hire him because of two state felony convictions that had been pardoned and expunged from his record. Because neither the Full Faith and Credit Clause nor its implementing statutes provide a private right of action, Blake has not stated a valid claim. The Court will therefore grant the FBI's motion to dismiss.

### I. Background

The Court, as it must, accepts as true the following facts drawn from Mr. Blake's complaint. In 1992, Blake pled guilty to two armed robbery offenses in Indiana state court. Compl. at 1; Opp'n Mot. to Dismiss, Ex. 1. After completing his sentence, he went on to graduate from Indiana University and the Quinnipiac University School of Law. Id. Ex. 2. In 2005, his last year of law school, Blake's convictions were pardoned by the Governor of Indiana and his conviction records were later expunged. Id.; Blake v. State, 860 N.E.2d 625, 626 (Ind. Ct. App. 2007).

In 2008, Blake enlisted in the United States Army, where he served for eight years as an infantry combat medic, a Special Forces trainee, and a defense lawyer in the Army Judge

Advocate General's Corps. Compl. at 1–2. Following his discharge, Blake submitted a Special Agent application to the FBI. Id. at 2. He was subsequently contacted by FBI recruiters because of his special operations experience. Id. However, in February 2017, the FBI's Office of General Counsel, citing 5 U.S.C. § 7371, informed Blake that his felony convictions precluded further consideration of his Special Agent application. Id. Blake responded that the statute should not apply given his gubernatorial pardon and the expungement of his records. Id. The FBI acknowledged this argument but reiterated that it considered Blake "ineligible due to [his] prior felony conviction." Id. Blake subsequently filed this suit, asking the Court to "award full faith and credit to the decisions" of the Indiana courts under Article 4, Section 1 of the United States Constitution. Id. at 3. The FBI moves to dismiss Blake's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. Standard of Review

The FBI's motion to dismiss must be granted if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The existence of a private right of action under federal law goes to whether the plaintiff has stated a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6); see Bell v. Hood, 327 U.S. 678, 682 (1946).

In deciding the FBI's Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555–56). Any ambiguities must be viewed in a light most favorable to the Plaintiff, giving him the benefit of every reasonable inference drawn from the facts and allegations in the complaint. In re Interbank Funding Corp. Sec. Litig., 668 F. Supp. 2d

2

44, 47 (D.D.C. 2009) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  And *pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson, 551 U.S. at 94 (internal citation omitted).

### III. Analysis

The sole basis for suit identified in Blake's complaint is the Full Faith and Credit Clause of the U.S. Constitution.  In moving to dismiss, the FBI principally argues that the Clause does not create a private right of action, which is a prerequisite for stating a valid claim upon which relief can be granted.  Fed. R. Civ. P 12(b)(6); Bell, 327 U.S. at 682.  The Court agrees.  As the Supreme Court held over 100 years ago, the Clause

> only prescribes a rule by which courts, Federal and state, are to be guided when a question arises in the progress of a pending suit as to the faith and credit to be given by the court to the public acts, records, and judicial proceedings of a state other than that in which the court is sitting . . . [A]nd to invoke the rule which it prescribes does not make a case arising under the Constitution or laws of the United States.

Minnesota v. N. Securities Co., 194 U.S. 48, 72 (1904).  Nor has Congress created a private right of action in any of the statutes it has enacted to implement the Clause.  Thompson v. Thompson, 484 U.S. 174, 182 (1998) ("[T]he Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action."); see also, e.g., Bryant v. Cherna, No. 10-1272, 2013 WL 49806, at *3 (W.D. Pa. Jan. 3, 2013) ("[T]here is no private right of action for violation of the Full Faith and Credit Act."), aff'd, 520 F. App'x 55 (3d Cir. 2013); Williams v. Clark Cty. Pub. Adm'r, No. 09-cv-810, 2010 WL 4340654, at *6 (D. Nev. Oct. 26, 2010) ("[T]here is no private right of action for enforcement of the Full Faith and Credit Clause in federal court, either directly or under the implementing statute.").  Blake therefore has not stated a claim upon which relief can be granted.

## IV. Conclusion

While the Court has no reason to question the extent of Mr. Blake's rehabilitation or his fitness to be an FBI agent, Blake has not presented an actionable basis for challenging the FBI's denial of his application. As a result, the Court must grant Defendant's Motion to Dismiss. A separate Order shall accompany this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: February 9, 2018